**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| PIERRE D. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>FELIX GREGORY, ANDREW SLAETS, CORBIN SZYDEL, BENJAMIN BENFIELD, BLANCE BANKSTON, ADAM LYDEN, MAX HANDLEN, DONALD TAYSON, ANTHONY BOLTZ, AMY WOOLF, APRIL ALBERTSON, JAMES KENT, TYLER BROWN, and CHRISTOPHER STEVENS,<br><br>Defendants. | Case No. 26-CV-185-JPS<br><br>**SCHEDULING ORDER** |

Plaintiff Pierre D. Wilson ("Plaintiff"), an inmate located at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On June 22, 2026, the Court screened Plaintiff's complaint and allowed him to proceed against Defendants. ECF No. 10. Consistent with the provisions found in Rule 1 of the Federal Rules of Civil Procedure, to ensure the orderly and timely disposition of this case, the Court adopts the following omnibus scheduling order.

First, however, the Court will deny Plaintiff's motion to submit documents through mail instead of E-filing and motion to submit evidence. ECF Nos. 16, 20. The Court denies as premature Plaintiff's motion to submit evidence. The Court has yet to enter a scheduling order in this case. To the

extent that Plaintiff needs to cite to the submitted documents in support of a later filed motion, he is free to do so. Next, the Court denies Plaintiff's motion to submit documents via mail rather than E-filing. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Although Plaintiff indicates he is having difficulty with his filings, he has not presented sufficient evidence that E-filing is not viable here. To the extent that Plaintiff needs additional time to meet certain deadlines due to circumstances out of his control, he may file a motion for an extension of time and explain any such circumstances.

**1. DISCOVERY**

All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **April 15, 2027**. The plaintiff is instructed that discovery requests must be served on the defendant to whom they are directed by mail or other means of delivery. Simply filing discovery requests with the Court, either electronically or by mail, will not qualify as service of those requests pursuant to the Federal Rules of Civil Procedure.

The plaintiff is further warned that he must respond to the defendants' requests for discovery in accordance with the applicable procedural rules. Failure to do so may result in dismissal of this action. Civil L.R. 41(c).

With reference to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, the defendants are hereby granted leave to depose up to five (5) witnesses confined in prison upon the condition that, at least fourteen (14)

days before such a deposition, the defendants serve all parties with the notice required under Rule 30.

**2. SUMMARY JUDGMENT**

For summary judgment motions, the parties must meet and confer at least **forty-five (45) days prior** to filing such motion. Within **fourteen (14) days** after the meet and confer, the parties must file a 3–5 page, double-spaced, executive summary of the motion in letter form. Such summary must be filed using a case-participant-only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the summary is necessary. If the plaintiff is proceeding pro se, then defense counsel is responsible for filing the summary electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of the summary.

The purpose of the executive summary is to allow the Court to determine whether the parties have completed sufficient discovery to support a motion for summary judgment and are on track to file a motion accompanied by briefing that adequately focuses on the issues in dispute. The Court will promptly review the executive summary and will initiate contact with the parties if a hearing or other intervention is needed. To that end, the contents of the executive summary must include, but are not limited to:

- A brief description of what the parties did to comply with the meet and confer requirement;
- A list of the legal issues and a 1–2 sentence summary of each party's arguments in support of and in opposition thereto;
- A brief narrative of core undisputed facts, in chronological order;

- A list of core disputed facts and the basis for each dispute;
- A list of any parties that are agreed to be dismissed or substituted;
- A list of any claims that are agreed to be dismissed;
- Whether the motion includes disputed expert testimony; and
- The parties' determination as to which party will be the moving party and which will be the opposing party on summary judgment for each claim and defense subject to the motion.

For purposes of the executive summary, these items need not be set forth in granular form. Consistent with these directives, the Court will not entertain cross-motions for summary judgment, absent a showing of good cause. Parties may move for leave to file cross-motions, but the basis therefor should briefly be explained in the executive summary.

As noted above, the executive summary must state with specificity what the parties did to comply with the meet and confer requirement. The executive summary must further detail if a party is unwilling to engage in the meet and confer, and that party's basis for refusal. A party may not simply refuse to meet and confer based on that party's unilateral belief that genuine disputes of fact exist such that summary judgment is inappropriate. In the same vein, if a party refuses to stipulate to a fact as undisputed, that refusal and the reason therefor must also be stated in the executive summary. One party's belief that a fact is immaterial is *not* a legitimate basis to refuse to stipulate to the fact; these arguments are best made in a brief in opposition. Under these circumstances, the Court will schedule a conference where it will determine the appropriate remedy for a party's refusal to follow the Court's directives.

The Court ultimately requires that, with any summary judgment motion, the parties submit a single, granular, agreed-upon statement of facts, written in *narrative*, paragraph form, consisting of only material facts and the minimum necessary contextualizing facts. The facts must be set forth in chronological order. The parties should omit a facts section from their briefing; the Court will only consider the single, agreed-upon statement of facts. This joint statement of facts must be a separate filing, filed by the movant at the time the motion for summary judgment is due.

To the extent there are factual disputes, the parties must also jointly submit a single, itemized statement of disputed facts, written in *list* form, which is to be filed by the movant at the time the motion is due. Each itemized, disputed fact should be supported by each party's separate pinpoint citation(s) to the record. Preparation of this list does not mean that either party concedes that any itemized disputed fact is material or genuinely disputed. Itemized disputed facts must be laid out in a single filing which may not exceed three (3) double-spaced pages.

If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because the rules provide for filing motions for summary judgment does not mean that the moving party is obliged to do so. **Any facts about which a party refuses to meet and confer or stipulate without a reasonable basis will be deemed undisputed.**

Briefs in support of, or in opposition to, motions for summary judgment should cite no more than ten (10) cases per cause of action or defense. The Court prefers that parties avoid string citations, particularly those lacking explanatory parentheticals. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of

the opposition brief. Additionally, although it should go without saying, the parties must have actually read the cases to which they cite. Equally important, as officers of the court, counsel for the parties have an obligation to bring to the Court's attention contrary legal authority, together with an analysis suggesting the authority may be inapplicable, or perhaps, wrongly decided.

Any party to this action may move for summary judgment not later than **June 15, 2027**. Any party's request for summary judgment must conform with Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rules 7 and 56 (E.D. Wis.). **This deadline is firm and will not be reset absent exceptional circumstances**.

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Furthermore, either party's failure to respond to a motion for summary judgment, or otherwise comply with Civil Local Rules 7 and 56, may constitute grounds for the Court to grant the opposing party's motion for summary judgment.

Copies of Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rules 7 and 56 (E.D. Wis.) are included with this Order.

**3. TRIAL**

Should a trial be necessary after resolution of any dispositive motions, the case will be scheduled for further proceedings, including a trial, as may be appropriate and as circumstances warrant. The Court will simultaneously set other relevant deadlines, including the date for the final pretrial conference and for completion of the final pretrial report. Those dates, once set, are firm and will not be moved for any reason. The parties

will also be provided detailed instructions for trial practice in this branch of the Court, including instructions for completing the final pretrial report.

In recognition of the Court's limited resources, and an ever burgeoning case load assigned to this branch of the Court, together with the continued escalating costs associated with litigation generally, the Court finds it prudent to require that counsel and the parties seriously undertake all appropriate measures, including utilization of the services of a randomly-assigned magistrate judge or other outside third-party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and the parties wish to avail themselves of the services of the randomly-assigned magistrate judge, they are reminded that, like district judges, magistrate judges have very busy calendars. Therefore, in order to ensure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, immediate steps must be taken in the event counsel and the parties wish to jointly request that the Court make such a referral.

Accordingly, the Court finds it prudent to direct that the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the randomly-assigned magistrate judge or other third-party neutral for purposes of conducting one or more settlement conferences. The Court will further direct that the parties file with the Court interim and final settlement reports generally summarizing any progress made as of the report due date, including the date(s) the parties actually met and conferred. If the plaintiff is proceeding pro se, then defense counsel is responsible for filing these reports electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of

the reports.[1] The interim report must be filed on or before **June 8, 2027**. The deadline for filing the final settlement report will be set, if necessary, contemporaneously with the trial date. Such reports shall be filed using a case-participant-only restriction so that access is restricted to the Court and the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the settlement reports is necessary.

Finally, the Court readily acknowledges and well appreciates the fact that in this branch, preparation of the final pretrial report requires a substantial commitment of time and resources and the parties ought not treat the Court's directives lightly, for in the final analysis, adequate preparation remains the hallmark of an effective advocate; and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

## 4. ADDITIONAL INSTRUCTIONS AND WARNINGS

### 4.1 Extensions of Time

The parties are warned that in this branch of the Court, requests for extensions of time are rarely, *if ever*, granted, and then only in *exceptional* circumstances. For the plaintiff, the fact that you may be subject to discipline or some other type of restriction, and thus prevented from completing legal work, is not by itself adequate grounds for the Court to grant an extension of time. The Court will not consider any motion based on disciplinary, medical, or any other type of restriction unless the plaintiff demonstrates that the restriction was not imposed due to his own misconduct. The Court further advises the parties that the motions *in limine* due date, final pretrial report due date, final pretrial conference date, and

[1]Should the plaintiff be represented by counsel, the plaintiff's counsel will be responsible for preparing and filing the reports.

jury trial date, once set, are all firm and will not be moved for any reason. These policies are consistent with Rule 1 of the Federal Rules of Civil Procedure and the Court's prerogative to appropriately manage its case docket.

### 4.2 Motions for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if: (1) the plaintiff has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will reject any motion for appointment of counsel out of hand if the first element is not met. This requires, at minimum, that the plaintiff solicit multiple attorneys for representation and that the plaintiff attach evidence of their refusal to undertake representation to the motion. The Court further warns that the second element is rarely satisfied, and so the plaintiff must show that his case is exceptionally complex to warrant potential counsel appointment. Finally, the Court notes that **no motions for appointment of counsel will be considered until after the close of discovery**.

### 4.3 Failure to Timely File or Notify Court of Address Change

The plaintiff is hereby warned that failure to make a timely submission or otherwise comply with the Court's orders may result in the dismissal of this action for failure to prosecute. The Court further reminds the plaintiff that it is his responsibility to promptly notify the Court if his

address changes. The plaintiff's failure to keep the Court advised of his whereabouts may result in the dismissal of this case without further notice.

### 4.4 Submission of Material to Clerk's Office

Plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] are reminded to submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Ave.
Milwaukee, WI 53202

In either event, THE PLAINTIFF SHOULD NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay processing of this matter.

### 4.5 Service and Retention of Copies

The plaintiff is further reminded that he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document he files with the Court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk, the plaintiff need not mail copies to the defendants.

[2]Prisoner E-Filing is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

For any filings other than discovery requests, all defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

**4.6 Additional Information and Resources**

Along with this Order, the Court has attached copies of the various Federal Rules of Civil Procedure and Civil Local Rules discussed herein. The Court has previously provided the plaintiff with copies of two monographs prepared by court staff to address common questions that arise in prisoner and pro se civil litigation. ECF No. 10. These two monographs, entitled "Answers to Pro Se Litigants' Common Questions," and "Answers to Prisoner Litigants' Common Questions," contain a wealth of information that the plaintiff may find useful in prosecuting this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to submit documents through mail instead of E-filing and motion to submit evidence, ECF Nos. 16, 20, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 18th day of November, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge